UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| JOSEPH A. SHEPHERD ) | |
| ) | |
|    *Petitioner*, ) | |
| ) | |
| v. ) | No. 3:05-cv-505 |
| ) | *Phillips* |
| ) | |
| HAROLD CARLTON, Warden ) | |
| ) | |
|    *Respondent*. ) | |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent, and petitioner's response thereto. There is also pending petitioner's motion to strike the motion to dismiss and petitioner's motion to require the respondent to produce the entire state court record. For the following reasons, petitioner's motions to strike [Court File No. 13] and to produce the entire state court record [Court File No. 14] will be **DENIED**, the respondent's motion to dismiss [Court File No. 10] will be **GRANTED**, and this action will be **DISMISSED**.

Petitioner Joseph A. Shepherd ("Shepherd") challenges his 1991 conviction for felony murder and his 1996 conviction for involuntary manslaughter. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of the opinions of the Tennessee appellate courts, as well as Shepherd's post-conviction petitions and waiver of appeal. [Court File No. 11, Notice of Filing of Documents, Addenda 1-9].

In state habeas corpus proceedings, the Tennessee Court of Criminal Appeals summarized the procedural history of Shepherd's cases, as related in prior appellate court opinions, as follows:

> In April 1991, a jury convicted the petitioner of the felony murder of Roxanne Woodson and the aggravated assault of law enforcement officers investigating the case. The [petitioner] was sentenced to death for the felony murder and to two-to-five years for the aggravated assault. On May 30, 1995, our supreme court reversed the death sentence and remanded the case for resentencing. The petitioner was resentenced to life imprisonment for his felony murder conviction on April 29, 1997. In a separate trial, the petitioner was convicted of the second degree murder of Kathy Clowers and sentenced to ninety-nine years imprisonment. This court reversed the second degree murder conviction and remanded the case for a new trial.
>
> Upon retrial of the Clowers case, the appellant was found guilty of involuntary manslaughter, and he received a sentence of two to five years incarceration. Subsequent to his conviction, the petitioner filed a motion for new trial. While this motion was pending, our supreme court remanded the Woodson case for resentencing. Thereafter, the petitioner entered into an agreement with the State in which he waived his right to appeal the Clowers case in exchange for a life sentence in the Woodson case.

2

*Shepherd v. Carlton*, No. E2004-00290-CCA-R3-HC, 2004 WL 1732311 *1 (Tenn. Crim. App. August 2, 2004) (quoting *Joseph Shepherd v. State*, No. E2002-01455-CCA-R3-PC (Tenn. Crim. App. September 17, 2003), *perm. app. denied, id.* (Tenn. January 26, 2004) (internal citations omitted)). [Addendum 9].

Shepherd's agreement to waive his right to appeal the Clowers case, in return for a life sentence in the Woodson case, was entered into on April 29, 1997. [Addenda 3 and 4]. No appeal was filed as a result of that agreement.

On June 30, 1997, Shepherd filed petitions for post-conviction relief in both the Woodson and Clowers cases. [Addenda 5 and 6, respectively]. The petitions were effectively consolidated for review and ultimately denied; the denial was affirmed by the Tennessee Court of Criminal Appeals. *Shepherd v. State*, No. E2002-01455-CCA-R3-PC, 2003 WL 22142495 (Tenn. Crim. App. September 17, 2003), *perm. app. denied, id.* (Tenn. January 26, 2004). [Addendum 8].

In the meantime, on October 24, 2003, Shepherd filed a state petition for the writ of habeas corpus, which was denied; the Tennessee Court of Criminal Appeals affirmed the denial of habeas corpus relief. *Shepherd v. Carlton*, No. E2004-00290-CCA-R3-HC, 2004 WL 1732311 (Tenn. Crim. App. August 2, 2004) (no application for permission to appeal to the Tennessee Supreme Court was filed). [Addendum 9].

Shepherd filed the pending habeas corpus petition on September 27, 2005.[1] The respondent moves to dismiss the petition based upon the applicable statute of limitation.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitation commenced as to Shepherd's convictions when the time for filing a direct appeal elapsed. *See Chandler v. United States*, 22 Fed.Appx. 399, 400 (6th Cir. 2001) (citing *Johnson v. United States*, 246 F.3d 655, 657-58 (6th Cir. 2001)). As noted earlier, judgment was entered in both the Woodson and Clowers cases on April 29, 1997. Shepherd had thirty days within which to appeal his state convictions, Tenn. R. App. P. 4, but did not do so. Thus, his convictions became final on May 29, 1997.

---

[1] The petition was received by the Clerk's Office on September 29, 2005. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on September 27, 2005. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

4

Shepherd's state post-conviction petitions and habeas corpus petition tolled the running of the statute of limitation, but only while pending. The petitions for post-conviction relief were filed on June 30, 1997, at which time 32 days of the one-year statute of limitation had elapsed, leaving only 333 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

Shepherd's state habeas corpus petition was filed while his post-conviction petitions were pending. The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on January 26, 2004; the Tennessee Court of Criminal Appeals affirmed the denial of habeas corpus relief on August 2, 2004. Shepherd had 60 days within which to file an application for permission to appeal to the Tennessee Supreme Court with respect to the denial of habeas corpus relief, Tenn. R. App. P. 11(b), but did not do so. Thus, the statute of limitation resumed running on October 1, 2004.

At that time, Shepherd had 333 days remaining, or until September 1, 2005, to seek habeas corpus relief. Shepherd's habeas corpus petition was not filed until September 27, 2005. Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

In response to the motion to dismiss, Shepherd contends his habeas corpus petition was timely filed. He refers to *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*), in which the Sixth Circuit held that the statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court after the denial of post-conviction relief. The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on January 26, 2004. Thus Shepherd had until April 25, 2004, to seek the writ of certiorari.

Nevertheless, Shepherd takes the position that his post-conviction proceedings were tolled while his state habeas petition was still pending, and thus the 90-day period did not commence until August 2, 2004, the date the Tennessee Court of Criminal Appeals affirmed the denial of habeas corpus relief. Therefore, according to Shepherd, the statute of limitation did not resume running until November 2, 2004, which in effect would give him an additional 30 days for filing his pending habeas corpus petition. Shepherd has not, however, provided the court with any authority in support of his position nor is the court aware of any such authority.

Shepherd also moves to strike the motion to dismiss, on the basis that the motion was not signed, as required by Rule 11(a) of the Federal Rules of Civil Procedure, but rather bore the typed name of the attorney who filed the pleading. Shepherd's motion lacks merit. The motion to dismiss was filed electronically and thus bears the electronic signature of the attorney. The Federal Rules of Civil Procedure specifically provide that "[a] court may by

local rule permit papers to be filed, signed, or verified by electronic means ...." *Id.*, Rule 5(e). This court has a local rule which pertains to electronically filing. E.D. TN. LR5.2.

Shepherd also moves the court to require the respondent to produce the entire state court record. The court having determined that Shepherd's habeas corpus petition is barred by the statute of limitation, it is not necessary that the entire record be produced.

Based upon the foregoing, Shepherd's motions to strike and to produce the state court record will be **DENIED**. The respondent's motion to dismiss will be **GRANTED**. The petition for habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                                  s/ Thomas W. Phillips
                                            United States District Judge